NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3604
_____

DERRICK WHITE,
Appellant

v.

SP PLUS CORPORATION,
doing business as SP+ Municipal Services,
doing business as Standard Parking Corporation

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-20-cv-00021)
District Judge:  Honorable Jennifer P. Wilson

_____

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4
and I.O.P. 10.6
April 22, 2021

Before:  MCKEE, GREENAWAY, JR., and BIBAS, Circuit Judges

(Opinion filed:  June 28, 2021)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Derrick White, proceeding pro se and in forma pauperis, appeals from the District Court's denial of his amended complaint. Because the appeal presents no substantial question, we will summarily affirm the judgment of the District Court. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

I.

White filed a complaint alleging that he was fired in retaliation for taking medical leave. See Complaint, ECF No. 1. The Magistrate Judge assigned to White's case screened the complaint pursuant to 28 U.S.C. § 1915(e)(2). Construing it to allege a violation of the Family and Medical Leave Act ("FMLA"), the Judge determined that White had failed to state a claim because, among other things, he had failed to describe the factual circumstances surrounding his leave and termination. The Judge invited White to file an amended complaint to correct the errors, noting what information he needed to include to pursue an FMLA claim. See Order, ECF No. 5 at 7 n2.

White filed an amended complaint that lacked specific allegations but had various documents attached to it, including a hospital intake form dated September 9, 2015, stating that White sprained his wrist after he "slipped on oil and fell." Am. Complaint, ECF No. 9 at 9. There was also a doctor's note requesting that White be excused from work for two weeks from February 9, 2016, due to "recent hand surgery," id. at 7, and reports from an orthopedic practice stating that White could return to work with restrictions on February 29, 2016, and without restrictions on April 11, 2016, id. at 11–12. Also attached was a grant of unemployment benefits stating that White last worked

2

on February 8, 2016, and that he took a leave of absence for "health reasons." Id. at 16. Additionally, there was a document showing that White was hired as a part-time employee in August 2014, see id. at 6, and an employer's performance appraisal from December 2015 evaluating White's performance as "below expectations," id. at 5. There were no documents included pertaining to White's request for medical leave.

Upon screening the amended complaint, the Magistrate Judge explained:

Although it is clear that Plaintiff feels like he was wrongfully terminated by his employer when he took time off to recover from hand surgery, it is not clear what federal claim or claims Plaintiff is seeking to bring in his Amended Complaint. . . . Plaintiff uses the words "wrongful termination," "discrimination," and "retaliation," but does not identify what federal statute (FMLA, Americans with Disabilities Act ["ADA"], etc.) he is invoking or what claim or claims under these statutes he is attempting to assert (retaliation, interference, discrimination, failure to accommodate, etc.).

R&R, ECF No. 11 at 7. However, "based on the procedural history of the case," the Judge construed White's amended complaint to allege retaliation and interference under the FMLA. Id. at 8. He again determined that White had failed to state a claim and recommended dismissal. Over White's objections, the District Court adopted the Magistrate Judge's report and recommendation and dismissed White's amended complaint. White appealed.

II.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291, and we exercise plenary review over the District Court's order dismissing White's amended complaint under § 1915(e)(2)(B)(ii). See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

3

Whether a complaint should be dismissed under § 1915 because it fails to state a claim is assessed under the same standard as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Id. In order to survive dismissal under that standard, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted); see also Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) (explaining that, under this standard, courts may consider documents attached to a complaint). We construe White's pro se amended complaint liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

### III.

We agree with the District Court's decision to dismiss White's amended complaint. It is unlawful for an employer to interfere with an employee's FMLA rights or to retaliate against him on the basis of either requesting or taking FMLA leave. See Erdman v. Nationwide Ins. Co., 582 F.3d 500, 508 (3d Cir. 2009). In both the interference and retaliation contexts, a claimant must establish, among other things, that he was protected under the FMLA and that he requested FMLA leave. See id. at 508–09. To establish protection under the FMLA, a claimant must demonstrate that he "was an eligible employee under the FMLA" and that he was "entitled to FMLA leave." Capps v. Mondelez Glob., LLC, 847 F.3d 144, 155 (3d Cir. 2017); see also 29 U.S.C. § 2611 (describing who qualifies as an "eligible employee" under the FMLA).

4

At the outset, we note that White's amended complaint makes general, conclusory allegations and requires the reader to cobble together the relevant facts from attached documents. Although it is apparent that White took a leave of absence from work due to a hand injury, he did not allege sufficient facts from which one could infer that he was eligible for or entitled to FMLA leave, or that he even requested such leave. See Lichtenstein v. Univ. of Pittsburgh Med. Ctr., 691 F.3d 294, 303 (3d Cir. 2012) (explaining the FLMA's notice requirement). In the event that White was, in fact, granted FMLA leave, he cannot now claim that he was denied FMLA benefits. See Capps, 847 F.3d at 155. And in the event that White was entitled to and requested or took FMLA leave, he nonetheless failed to allege that he was fired as a result of requesting or taking such leave. See Lichtenstein, 691 F.3d at 302 (explaining that a claimant must demonstrate that he suffered an "adverse employment action" because he invoked his rights under the FMLA). In fact, it is unclear whether White was even fired, given that he was granted unemployment compensation following a determination of eligibility under 43 Pa. Stat. § 802, which suggests that White left the job voluntarily. See Am. Complaint, ECF No. 9 at 16. While White did generally allege that he was fired as a result of taking medical leave in some of his other filings, he did not provide nearly enough detail (such as the dates he requested leave, took leave, or was terminated) to state a plausible FMLA claim.[1]

---

[1] To the extent that White's complaint could be liberally construed to allege discrimination or retaliation in violation of the ADA, he also failed to state such a claim.

Finally, the District Court did not err in declining to grant White leave to further amend his complaint, as he had already amended his complaint once and further amendment would be futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).  Because this appeal presents no substantial question, we will summarily affirm.

---

See Hohider v. United Parcel Serv., Inc., 574 F.3d 169, 186 (3d Cir. 2009) (describing the elements required to make a prima facie showing for an ADA discrimination claim); Krouse v. Am. Sterilizer Co., 126 F.3d 494, 500 (3d Cir. 1997) (describing the same for an ADA retaliation claim).